| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|

| | |
|---|---|
| DAWSON COLEMAN,<br>            Plaintiff,<br>    - versus -<br>CHARLES J. HYNES, JOSEPH E. GUBBAY,<br>and EMILY WILLIAMS,<br>            Defendants. | ORDER<br>12-CV-2599 |

JOHN GLEESON, United States District Judge:

    Plaintiff Dawson Coleman, currently incarcerated at the Brooklyn Detention Complex, brings this *pro se* action for damages pursuant to 42 U.S.C. § 1983. Coleman seeks permission to proceed *in forma pauperis* ("IFP"), which I grant solely for the purpose of this Order. For the reasons discussed below, I dismiss the Complaint.

## BACKGROUND

    On March 29, 2012, Coleman was arraigned in the Supreme Court of the State of New York, Kings County, on the charge of Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, N.Y. Veh. & Traf. § 511.3. Compl. at 5. Coleman alleges that the judge presiding over his arraignment proceedings, Judge Joseph E. Gubbay, unconstitutionally "impos[ed] unwarranted counsel upon [Coleman] . . . and . . . excessive bail in the amount of $15,000." *Id.* Coleman further alleges that the attorney that Gubbay appointed for him, Emily Williams, was "complicit" in Gubbay's impermissible conduct by refusing to decline assignment of his case, and that Williams refused to conduct the case as Coleman desired and intentionally caused him to be remanded. Compl. at 6. Coleman also contends that the Kings County District

Attorney, Charles Hynes, prosecuted Coleman without justification and knew or should have known that he would be unable to afford the bail set by Gubbay. Compl. at 5, 7.[1]

DISCUSSION

A.  *Standard of Review*

In reviewing the Complaint, I am mindful that Coleman is proceeding *pro se* and that his pleadings should be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, I am required to dismiss *sua sponte* an IFP action if I determine it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.  *Analysis*

Coleman's claims against Gubbay and Hynes are claims for acts performed in their judicial and prosecutorial functions, respectively. As such, they are squarely barred by the doctrine of absolute immunity, *Stump v. Sparkman*, 435 U.S. 349 (1978); *Imbler v. Pachtman*, 424 U.S. 409 (1976), and I dismiss them. With respect to Coleman's claim against Williams, a

---

[1] Although Coleman broadly alleges that the actions of Gubbay, Williams, and Hynes violated his First, Sixth, and Fourteenth Amendment rights, Compl. at 1, he does not clearly articulate which actions violated which rights. Because the Complaint must be dismissed regardless of the source(s) of the right(s) that Coleman seeks to vindicate through each claim, I do not here consider the various possibilities.

§ 1983 action is properly brought only against a person acting under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Public defenders, like Williams, do not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *accord Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). Accordingly, I dismiss the claims against Williams as well.

## CONCLUSION

For the reasons stated herein, the Complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: June 8, 2012
      Brooklyn, New York